NEW YORK PLUMBERS' SPECIALTIES CO., INC., Appellant, *v.* PAUL ENGLANDER, Respondent.

NEW YORK PLUMBERS' SPECIALTIES CO., INC., Appellant, *v.* EMILY L. HOFFBAUER, Respondent.

First Department, November 29, 1929.

*Charles H. Kelby* of counsel [*Abraham J. Halprin,* attorney], for the appellant.

*Reuben Greenbaum,* for the respondents.

FINCH, J.   In two separate actions, tried together, each brought against a different defendant upon similar written guaranties of payment, judgments have been rendered for the defendants. Plaintiff appeals.

The individual defendant Englander, an attorney, in conjunction with his client, the husband of the defendant Hoffbauer, undertook for profit to erect dwelling houses.   The Silvertown Construction Co., Inc., was the corporation through which they worked and it became the general contractor.   The Silvertown Corporation made a contract with the Far Rockaway Plumbing Co., Inc., for labor and materials.   The latter sought to obtain from the plaintiff such materials as were required for the job.   The Far Rockaway Co., however, had no credit and owed the plaintiff some $35,000 for supplies delivered during the previous year on other jobs. The plaintiff, therefore, refused to honor the order of the Far Rockaway Co. without the personal guaranty of the respective defendants.   The defendant Englander and the husband of the defendant Hoffbauer, desiring the construction to proceed, procured the delivery of the materials at the job by giving to the plaintiff written guaranties, signed by each of the individual defendants, one of which reads as follows:

" For and in consideration of One Dollar to me in hand paid by N. Y. Plumbers Specialties Co., Inc., the receipt of which is hereby acknowledged, and your having extended or extending credit at my request to Silvertown Const. Co., Inc., being interested with same, and for value received, I hereby jointly and severally

guarantee the full payment to you when due of all his /their indebtedness incurred for any material or supplies whatsoever which you have delivered and /or will deliver to the job at S. S. Hayes Ave., Jackson Heights. The records of your office shall be sufficient evidence and conclusive upon us of the amount, times and place of deliveries and the balance due. Without notice to and without impairing the obligation of the undersigned, the dates of payment of said indebtedness may be extended from time to time, suits may be instituted against the said Silvertown Const. Co., Inc., compromised and /or discontinued. Notes or other evidences of indebtedness or securities may be received by you on account, or in adjustment of said indebtedness and may be renewed and extended as you think advisable, without notice and without impairing the liability under this guarantee and are hereby expressly included hereunder until fully paid. Notice of acceptance of this guarantee and of sales made, or of any default is waived. This guarantee is to be a continuing one to the amount of $15,000 at all times and remain in full force for such amount until written revocation is received by you.

" It is further understood that this guarantee is one of payment and not of collection.

" Dated this 9th day of June, 1927.

"............................L.S.
" By EMILY L. HOFFBAUER,
" THEODORE HOFFBAUER, *Attorney.*
" Witnessed................. "

The guaranty given by defendant Englander is exactly the same as the above, except that whereas the guaranty above applies to " the job at S. S. Hayes Ave., Jackson Heights," and is dated June 9, 1927, the Englander guaranty applies to " the job at Franklyn Place, Flushing, Long Island," and is dated August 29, 1927.

The complaint proceeds to allege that pursuant to these two guaranties the plaintiff sold and delivered plumbing supplies to the Silvertown Construction Co., Inc., at the Hayes avenue and Franklyn place jobs between June 10, 1927, and January 11, 1928, amounting to $35,611.13, and that only $27,752.27 had been paid, leaving a balance due of $7,858.86, for which judgment was demanded.

The effect of the answers, in brief, was to admit the execution of the guaranties, but deny knowledge or information as to the deliveries alleged and liability for the balance due. The real defense relied upon by the defendants at the trial was that credit

was not extended to the Silvertown Construction Co., Inc., but only to the Far Rockaway Plumbing Co., Inc.

The learned trial court, viewing the case with infinite pains, felt that while the merits were with the plaintiff, he was compelled to sustain upon technical grounds the defense urged. With this view we cannot concur. It seems to us that whether the case be considered from the point of view of the weight of the evidence or from a construction of the written guaranty in the light of the attendant facts, the judgments appealed from must be reversed and a new trial granted.

*First,* considering the weight of the evidence on the question of fact whether or not the appellant gave credit to the Silvertown Construction Co., Inc., upon this record the finding that credit was not extended to the Silvertown Construction Co., Inc., is against the weight of the evidence and the judgments appealed from must be reversed and a new trial granted. Only to mention two or three important factors, the first is that the credit man of the plaintiff originally refused to supply credit to the Far Rockaway Plumbing Co., Inc., as the result of losses of about $35,000 to the plaintiff during the previous year from the operations of this company, whereupon Englander, part owner and executive of the Silvertown Company, had a meeting in his office and sought to induce the plaintiff to supply the material. The credit man of the plaintiff then stated in effect that he was willing to supply the job provided it was understood that the Silvertown Construction Co., Inc., would be directly obligated to the plaintiff, and that he did not want to have merely the obligation of the Far Rockaway Plumbing Co., Inc., because he then would be subject to the risk of the Far Rockaway Plumbing Co., Inc., defaulting upon its contract with the Silvertown Construction Co., Inc., and thus the Far Rockaway Plumbing Co., Inc., would not receive the balance due under the contract. Furthermore, the credit man agreed to supply the job if the guaranties were furnished, together with a satisfactory financial statement as to the affairs of the *Silvertown Construction Co., Inc.* Following this Englander wrote to the plaintiff that for the purpose of inducing them to deliver the various plumbing materials necessary for the erection and completion of the Silvertown Construction Co., Inc., job on the south side of Hayes avenue, Jackson Heights, Queens, he sent to them a signed financial statement reflecting the true condition of the *Silvertown Construction Co., Inc.,* in addition to the guaranties, and asked them to rush this job through at once. Thereafter the plaintiff delivered many invoices showing that the materials were billed to the Silvertown Construction Co., Inc., as well as to the

Far Rockaway Plumbing Co., Inc. This attitude on the part of the plaintiff was corroborated in writing by the Silvertown Construction Co., Inc., when it wrote a letter to the plaintiff, signed by its officer Englander, the first paragraph of which reads as follows: " We write to advise that each day we have expected to be placed in the position of bringing up *our account* with you to date." (Italics not in original.) And later the Silvertown Construction Co., Inc., wrote to the plaintiff requesting a delivery of various plumbers' supplies, and again it wrote: " We are greatly surprised at your failure to deliver the shower heads, * * * which were paid for long ago." The court itself felt the force of the oral and documentary evidence when it said: " It is a very hard case to pass on the facts. I am very sorry you did not have a jury, because I tell you frankly a jury would not take three minutes to decide it. It would decide on that writing right away, that that was the end of it, that you were responsible. There is not any question about that, the way they would pass on it." We, of course, are not unmindful of what the respondents say in answer to the evidence referred to above as well as to the other evidence adduced by the plaintiff, but a consideration of all the evidence on both sides confirms the first impression that the finding on this issue of fact is against the weight of evidence.

*Second,* considering the intention of the parties as shown from a consideration of the written guaranty as a whole and the circumstances under which it was made, we find that the contract is susceptible of the construction that what is guaranteed is the full payment to the plaintiff, when due, of all their indebtedness incurred for any materials or supplies whatsoever delivered to the job. This is the promise and the undertaking. The consideration is one dollar and the extension of credit to the Silvertown Construction Co., Inc. There is no doubt that this payment is sought for the materials delivered at the jobs and that, the guaranties having been given, the deliveries themselves may be construed as an extension of credit at the request of Englander to the Silvertown Construction Co., Inc. In addition, the only other provision in the guaranty with relation to the Silvertown Construction Co., Inc., is that suits may be instituted against it and these suits may be compromised or discontinued without impairing the obligation of the guarantor to pay for the materials delivered on the job. It, therefore, follows that a consideration of all the facts leading up to and following the execution of these guaranties shows them to be susceptible of the construction that the undertaking was to pay for materials delivered by the plaintiff to these jobs.

It follows that the judgments and orders appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

In each action: Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.